UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| OSCAR GUILLEN, SR., | ) |
| Plaintiffs | ) ) ) |
| vs. | ) CAUSE NO. 2:09-CV-345 RM ) ) |
| CHARLES C. HOPPE, JR., *et al.*, | ) ) |
| Defendants | ) |

OPINION AND ORDER

Oscar Guillen, Sr., a *pro se* prisoner, submitted a complaint and an *in forma pauperis* petition. 28 U.S.C. § 1915(g) bars Mr. Guillen from proceeding *in forma pauperis* because he has on three or more[1] prior occasions filed a complaint or appeal which did not state a claim for which relief could be granted. This is not news to Mr. Guillen; the court has so informed him on nine prior occasions.[2] Now he has attempted to commence this action without payment of the filing fee.

---

[1] Indeed, it appears that he has accumulated nine strikes in these cases or appeals: (1) Guillen v. Effingham County Sheriff, 3:96-cv-491 (S.D.Ill. February 10, 1997); (2) Guillen v. Effingham County Sheriff, 3:96-CV-00491, (S.D. Ill. February 10, 1997), for appeal 97-3205; (3) Guillen v. Fernandez, 2:02-435 (N.D. Ind. October 29, 2002); (4) Guillen v. Taylor, 3:05-cv-271 (N.D. Ind. May 3, 2005); (5) Guillen v. Carrithers, 1:05-cv-965 (S.D. Ind. June 28, 2005) for appeal 05-3936; (6) Guillen v. Dominguez, 2:05-cv-340 (N.D. Ind. September 6, 2005); (7) Guillen v. Cox, 2:05-cv-355 (N.D. Ind. September 16, 2005); (8) Guillen v. VanNatta, 2:05-cv-250 (S.D. Ind. October 12, 2005); and (9) Guillen v. Villalpondo, 2:05-cv-412 (N.D. Ind. November 14, 2005).

[2] In the Southern District of Indiana he was twice informed that he was barred from proceeding *in forma pauperis*. First in Guillen v. Purcell, 2:08-CV-425 by order of November 13, 2008, and then in Guillen v. Sark, 2:08-CV-279 by order of July 31, 2008. Here in the Northern District of Indiana, he has been so informed in seven cases: Guillen v. Taylor, 3:05-cv-271 (N.D. Ind. May 3, 2005) by order of February 15, 2006; Guillen v. Cox, 2:05-cv-355 (N.D. Ind. September 16, 2005) by order of March 3, 2005; Guillen v. Villalpondo, 2:05-cv-412 (N.D. Ind. November 14, 2005) by order of July 17, 2006; Guillen v. Harkin, 2:06-cv-015 (N.D. Ind. January 11, 2006) by orders of January 23, 2006 and February 23, 2006, Guillen v. Moss, 2:06-cv-069 (N.D. Ind. February 24, 2006) by order of March 17, 2006; Guillen v. Dragomer, 2:06-cv-078 (N.D. Ind. January 11, 2006) by order of April 20, 2006; and Guillen v. Lake County Jail, 2:06-cv-084 (N.D. Ind. March 8, 2006) by order of March 15, 2006.

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in <u>Newlin v. Helman</u>, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of <u>Newlin</u> and <u>Support Systems International, Inc. v. Mack</u>, 45 F.3d 185 (7th Cir. 1995).

<u>Sloan v. Lesza</u>, 181 F.3d 857, 859 (7th Cir. 1999). So too, this case will be dismissed, the filing fee assessed, and Mr. Guillen restricted until he has paid in full all outstanding filing fees and sanctions. The restriction this order imposes does "not impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." <u>Support Sys. Int'l v. Mack</u>, 45 F.3d 185, 186 (7th Cir. 1995). Neither does it restrict him from filing a notice of appeal in this case.

For the foregoing reasons, the court:

(1) DISMISSES this case without prejudice;

(2) ORDERS the plaintiff **Oscar Guillen, Sr., IDOC # 950987** to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350.00 filing fee is paid in full;

(3) DIRECTS the clerk of court to return, unfiled, any papers filed in any case by or on behalf of Oscar Guillen, Sr. (except for a notice of appeal or unless filed in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(4) DIRECTS the clerk to note on the docket of this case any attempted filings in violation of this order; and

(5) DIRECTS the clerk of court to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED

ENTERED: October  29 , 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: O. Guillen, Sr.